Shane P. Coleman
Emily J. Cross
Daniel W. Beierwaltes
COLEMAN, MONSON & SMALL PLLC
1555 Campus Way, Suite 201
Billings, MT 59102
Telephone: 406.656.6551
shane@montanabusinesslaw.com
emily@montanabusinesslaw.com
daniel@montanabusinesslaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| DIG SAFE SYSTEM, INC., a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>DIGSAFE SOLUTIONS LLC, a Montana limited liability company,<br><br>Defendant. | Case No. CV-26-129-BU-JTJ<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Dig Safe System, Inc., for its Complaint against the named Defendant, states and alleges as follows:

1. This is a civil action for trademark infringement under 15 U.S.C. §1114, false designation of origin and unfair competition under 15 U.S.C. § 1125, trademark dilution under 15 U.S.C. §1125(c), trademark infringement and unfair competition under Montana common law, unfair competition under Montana Consumer

Protection Act, M.C.A. § 30-14-101 *et seq.* Plaintiff Dig Safe seeks both injunctive and monetary relief as a result of Defendant's knowing and willful violation of Dig Safe's trademark rights, including its rights to its DIG SAFE mark, which is the subject of a U.S. Federal Trademark Registration.

## PARTIES

2. Plaintiff Dig Safe, is a Massachusetts Non-Profit Corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 11 Upton Drive, Wilmington, Massachusetts 01887. Dig Safe is a privately owned non-profit company that collects information provided by consumers about excavation projects and notifies the appropriate utility companies to provide mark-outs (who come from across the United States, including Montana).

3. Defendant DigSafe Solutions LLC is a Montana limited liability company with a principal place of business at 2125 North Drive, Butte, Montana 59701.

4. Upon information and belief, DigSafe Solutions is owned and operated by Bridger O'Keefe. According to the Montana Secretary of State's records, Bridger O'Keefe is the registered agent for DigSafe Solutions.

## JURISDICTION & VENUE

5. This action arises under the Federal Trademark Act ("**Lanham Act**"), 15 U.S.C. § 1051 *et seq.*, Montana Consumer Protection Act, M.C.A. § 30-14-101 *et seq.,* and Montana common law.

6. Subject matter jurisdiction over this action is conferred upon this Court by 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

7. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are substantially related to Plaintiff's federal Lanham Act claims.

8. This Court has personal jurisdiction over Defendant because it resides in this Judicial District, has committed tortious acts and caused injury as described herein in this Judicial District, and has engaged in and transacted business in this Judicial District by offering services within the State of Montana.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendant resides in this Judicial District.

## GENERAL ALLEGATIONS

10. Plaintiff Dig Safe is the owner of United States Service Mark Registration No. 2,363,736 for DIG SAFE claiming use in connection with "providing notification services to utility companies of the underground excavation and construction activities of others by monitoring telephone communications and

global computer information networks for the purpose of promoting public safety and avoiding damage to underground public utility facilities," in Class 42 (the "**Mark**"). The Mark is a standard character trademark. A true copy of the Certificate of Registration for the Mark is attached hereto as **Exhibit A**. The federal registration for the Mark is valid and incontestable under 15 U.S.C. § 1065. It was granted on July 4, 2000.

11. The registration of the Mark constitutes prima facie evidence of its validity and conclusive evidence of Plaintiff's exclusive right to use the Mark in commerce in connection with the services named therein, and commercially related goods and services.

12. Plaintiff uses the Mark in connection with and to identify, in part, its excavation notification services and to distinguish its services from similar services offered by others, by, and without limitation, prominently displaying its Mark on advertising and promotional materials, *e.g.*, websites, coupons, flyers, and brochures, distributed throughout the United States. Plaintiff further displays its Mark throughout its website, www.digsafe.com, which offers its excavation notification services to the general public. Plaintiff further displays its Mark in connection with sales and services that it offers to the public through third-party websites including Facebook and LinkedIn. Plaintiff's services sold under the Mark are provided in multiple states. Plaintiff currently directly provides excavation

notification in Massachusetts, Maine, New Hampshire, Rhode Island and Vermont. Plaintiff provides information for the Common Ground Alliance's National One-Call Directory nationwide, including Montana, to any consumer that accesses its website. Plaintiff has been offering its notification services since 1973.

13. The federal registration rights and common law rights of Plaintiff in the Mark are collectively referred to herein as the "Mark."

14. The public has come to associate the well-known and distinctive Mark with Plaintiff and Plaintiff's services.

**DEFENDANT'S INFRINGEMENT**

15. On information and belief, the Defendant operates its utility locating services in the Butte, Montana and other locations in Montana. In the course of operating its business, the Defendant has and continues to use the mark "DIGSAFE SOLUTIONS" in violation of Plaintiff's trademark rights. Defendant infringes on Plaintiff's mark at their locations and on their website <digsafesolutions.com>. True and accurate screenshots from the Defendants' website are reproduced and attached hereto as **Exhibit B**.

16. On or about July 14, 2026, Defendant was first advised of Plaintiff's trademark rights. Defendant responded by telephone, but hung up after it was confirmed that its use of the mark had to be discontinued. Plaintiff has had no further responsive communication from Defendant.

17. On or about July 17, 2026, Defendant filed a trademark application for the mark DIGSAFE SOLUTIONS with the United States Patent and Trademark Office, attached hereto as **Exhibit C**.

### COUNT I
### Federal Trademark Infringement in Violation of Federal Statute (15 U.S.C. §1114)

18. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

19. This is a claim for infringement of Plaintiff's federally registered Mark, as depicted in Exhibit A.

20. Defendant has violated Plaintiff's exclusive rights to use its Mark by adopting and using the mark DIGSAFE SOLUTIONS that is nearly identical and confusingly similar to Plaintiff's mark. Specifically, the Defendant is and has displayed the mark on the website <digsafesolutions.com> and, on information and belief, at its principal place of business, 2125 North Drive, Butte, Montana 59701.

21. Defendant's use of Plaintiff's mark, without consent and after a demand to cease-and-desist, in connection with the sale and offering for sale of its utility locating services, is likely to cause confusion, deception, or mistake with regard to the source or affiliation of Defendant's services.

22. Defendant's acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

23. Defendant's conduct and actions are intentional, willful, and in bad faith, notably, specifically, and at minimum after receiving notice of infringement on or about July 14, 2026.

24. The above actions and conduct of Defendant have caused, and is causing, great injury, irreparable harm and damage to Plaintiff, and unless permanently enjoined by this Court, the irreparable injury will continue.

25. Defendant has violated the exclusive rights of Plaintiff to its use of the registered Mark and is liable in a civil action under 15 U.S.C. § 1114.

26. On information and belief, Defendant's use of the Mark in imitation of Plaintiffs mark with the intention to benefit from the association with the Plaintiff's business, and such use was intended to cause, and has caused, confusion, mistake, or has deceived potential customers, or Defendant has otherwise improperly benefitted and will continue to benefit from the goodwill associated with the Plaintiff's Mark.

27. By reason of the above, the Defendant is in violation of 15 U.S.C. § 1114(1), and the Plaintiff is entitled to injunctive relief, and to recover profits, damages, multiple damages, and costs and fees from Defendant.

**COUNT II**
**Federal Unfair Competition in Violation of Federal Statute (15 U.S.C. § 1125(a))**

28. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

29. This is a claim for unfair competition, arising from Defendant's unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake or deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act.

30. On information and belief, Defendant has used the mark DIGSAFE SOLUTIONS in commerce, including interstate commerce, as it attested in its trademark application attached as **Exhibit C**. Under 15 U.S.C. § 1125(a), the use of such mark in connection with Defendant's utility locating services is a false designation of origin, and a false or misleading representation of affiliation or association, which is likely to cause confusion, mistake or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's services and commercial activities by Plaintiff.

31. Defendant's wrongful activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's

business, reputation and goodwill with respect to its Mark. Plaintiff has no further adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief.

**COUNT III**
**Federal Trademark Dilution Under Federal Statute (15 U.S.C. § 1125(c))**

32. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

33. Plaintiff's Mark is distinctive and well-known. The Mark is inherently strong and distinctive, has long been used in connection with the services which are offered by Plaintiff, has long been the subject of substantial advertising and promotion, has been used and advertised throughout the United States, is widely recognized by consumers and those in the trade, is in substantially exclusive use, is registered on the Principal Register, and is incontestable.

34. Defendant has made commercial use of Plaintiff's mark in connection with services that Defendant has offered and sold in commerce, including interstate commerce. Defendant's acts are in violation of 15 U.S.C. § 1125(c) in that they have caused dilution of the distinctive quality of Plaintiff's mark, all to the irreparable injury to and damage of Plaintiff. These acts of Defendant were commenced and committed from a time after Plaintiffs mark became well-known.

35. Defendant's acts have lessened the capacity of Plaintiff's mark to identify and distinguish the goods and services of Plaintiff. Defendant's acts have

blurred the unique association that has exists between Plaintiff's mark, and goods and services provided by Plaintiff.

36. On information and belief, Defendant committed these acts willfully and with the intent to trade on the reputation and goodwill of Plaintiff, and to cause dilution of Plaintiff's well-known mark.

## COUNT IV
## Trademark Infringement/Unfair Competition Under Montana Common Law

37. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

38. Defendant's above acts constitute wrongs under the Montana common law in that Defendant's use of the infringing mark causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of services or goods.

39. Defendant's use of the above mark further constitutes actionable wrongs by representing that such services and goods have sponsorship, approval, or characteristics that they do not have.

40. Defendant's use of the above mark also constitutes actionable wrongs by representing that their services and goods possess the same or similar standards, qualities, or grades as Plaintiff's services or goods, although they are in fact of very different quality.

41. Defendant's use of the above mark also constitutes actionable wrongs by disparaging the services, goods, business, or reputation of Plaintiff by false or misleading representations of facts.

42. Defendant has caused, and continue to cause, substantial and irreparable damage and injury to Plaintiff and to the public. Defendant has benefited from such unlawful conduct and will continue to carry out such unlawful conduct and be unjustly enriched thereby unless enjoined by this Court.

43. Defendant's acts as herein alleged have caused Plaintiff to sustain damages.

44. Defendant is directly liable for these actions in violation of Montana common law.

**COUNT V**
**Unfair Competition Under Montana Statute (M.C.A. § 30-14-101 *et seq.*)**

45. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

46. Defendant's above acts constitute wrongs under the Montana Consumer Protection Act, M.C.A. § 30-14-101 *et seq*. in that Defendant's use of the infringing mark causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of services or goods.

47. Defendant's use of the above mark further constitutes actionable wrongs by representing that such services and goods have sponsorship, approval, or characteristics that they do not have.

48. Defendant's use of the above mark also constitutes actionable wrongs by representing that their services and goods possess the same or similar standards, qualities, or grades as Plaintiff's services or goods, although they are in fact of very different quality.

49. Defendant's use of the above mark also constitutes actionable wrongs by disparaging the services, goods, business, or reputation of Plaintiff by false or misleading representations of facts.

50. Defendant has caused, and continue to cause, substantial and irreparable damage and injury to Plaintiff and to the public. Defendant has benefited from such unlawful conduct and will continue to carry out such unlawful conduct and be unjustly enriched thereby unless enjoined by this Court.

51. Defendant's acts as herein alleged have caused Plaintiff to sustain damages.

52. Defendant is directly liable for these actions in violation of the Montana Consumer Protection Act, M.C.A. § 30-14-101 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

a. Enter judgment in Plaintiff's favor against Defendant on all counts of the Complaint.

b. Enter a temporary, preliminary, interlocutory, and/or permanent injunction restraining Defendant, its agents, servants, employees, successors and assigns and all others in concert and privy with them using the mark DIGSAFE SOLUTIONS, DIGSAFE, or any colorable similar variants thereof on or in connection with the offering of utility locating and excavation services; from infringement of U.S. Trademark Registration No. 2,363,736; from unfairly competing with Plaintiff; from engaging in unfair and deceptive trade practices; and from injuring Plaintiff's business reputation, pursuant to 15 U.S.C. §1116;

c. Enter a temporary, interlocutory, and/or permanent injunction against Defendant to cease and desist from using any marks that include "Dig Safe," "DigSafe," or similar marks owned by Plaintiff;

d. Find Defendant liable for the claims for relief alleged against them in this Complaint.

e. Award Plaintiff general and compensatory damages; actual damages; incidental, special, consequential, and exemplary damages; and

damages for the unjust enrichment caused by Defendant's infringement;

f. Require Defendant to account for and to pay to Plaintiff, all of Defendant's profits and all damages suffered by Plaintiff as a result of Defendant's acts, together with interest, and that Plaintiff's recovery be trebled, pursuant to 15 U.S.C. §1117;

g. Order Defendant to surrender for destruction all labels, signs, advertisements, billboards, flyers, brochures, coupons, literature, nameplates, website addresses and other material incorporating or reproducing the infringing mark, pursuant to 15 U.S.C. §1118;

h. Order Defendant to cancel its domain name <digsafesolutions.com>;

i. Order Defendant to expressly abandon its Application Serial Number 99947563;

j. Compel Defendant to compensate Plaintiff for corrective and responsive advertising;

k. Order and compel Defendant to pay Plaintiff punitive or enhanced damages in an amount to be determined by the Court;

l. Award Plaintiff all costs in this action;

m. Award Plaintiff all expenses incurred in this action, including reasonable attorneys' fees; and

n. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 18th day of November, 2026.

By: /s/ *Daniel W. Beierwaltes*
Daniel W. Beierwaltes
for COLEMAN, MONSON & SMALL PLLC

*Attorneys for Plaintiff*